**Affirmed; Opinion Filed February 14, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-00362-CR

No. 05-11-00363-CR

**MARCUS JAMERSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F10-14439-M & F10-14440-M**

## OPINION ON REMAND

Before Justices Moseley, Myers, and Evans
Opinion by Justice Evans

A jury convicted Marcus Jamerson of two aggravated robberies. Jamerson appealed the

conviction and argued that the trial court erred in permitting a forensic biologist to testify about a

DNA report she reviewed that was prepared by a non-testifying biologist. This Court affirmed

the conviction. *Jamerson v. State*, 383 S.W.3d 309 (Tex. App.—Dallas 2012, pet. granted). The

Court of Criminal Appeals granted Jamerson's petition for discretionary review noting that this

Court did not have the benefit of its opinion in *Burch v. State*, 401 S.W.3d 634 (Tex. Crim. App.

2013) and remanded the cause to us "in light of *Burch.*" Following remand, this Court gave the

parties the opportunity to file supplemental briefs. Having considered appellant's sole issue as

framed by the Court of Criminal Appeals and the supplemental briefing of the parties, we re-affirm the trial court's judgment.

## BACKGROUND

We provided a detailed recitation of the facts in this case in our opinion on original submission and do not recount them here. *Jamerson*, 383 S.W.3d at 310. The sole issue in this case involves whether the trial court erred when it allowed Angela Fitzwater, the reviewing forensic biologist, to testify about the DNA testing done by the DNA analyst, Tara Johnson. At the time of trial, Johnson was living outside of the United States. Fitzwater testified that after Johnson performed the DNA testing Fitzwater reviewed the data work, reviewed the report, made her own interpretation of the raw data in determining whether Johnson's interpretations were correct, and signed off on the report and Johnson's conclusions in the report as a technical reviewer.

On original submission, we stated that Fitzwater's testimony was an explanation of her own work and not an after-the-fact explanation of Johnson's work. As a result, we concluded that Jamerson's rights under the Confrontation Clause were not violated because he had the opportunity to confront Fitzwater about the testing process, the data gathered, and the analysis she performed.

Jamerson filed a petition for discretionary review challenging our decision and the Texas Court of Criminal Appeals granted the petition. The Court of Criminal Appeals, noting that this Court had rendered its decision without the "benefit of our decision in *Burch*," vacated our judgment and remanded the case to us.[1] For the following reasons, we re-affirm the trial court's judgment.

---

[1] We note that this Court did issue an opinion in *Burch v. State*, No. 05-11-00362-CR, 05-11-00363-CR, 2012 WL 2226456 (Tex. App.—Dallas 2012, pet. granted) which the Court of Criminal Appeals subsequently affirmed. *See Burch*, 401 S.W.3d at 640.

**ANALYSIS**

In the sole issue before the Court, Jamerson argues that the trial court should not have allowed Fitzwater to testify about the DNA testing because such testimony violated his rights under the Confrontation Clause of the Sixth Amendment of the U.S. Constitution. We review a trial court's decision to admit such evidence under an abuse of discretion standard. *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007).

After a thorough review of *Burch*, we cannot conclude that the trial court abused its discretion in allowing Fitzwater to testify. In *Burch*, the testifying witness lacked personal knowledge of the DNA testing. *See Burch*, 401 S.W.3d at 637 ("Although Lopez, the testifying witness, was a supervisor who 'reviewed' the original process, we cannot say, on this record, that she had personal knowledge that the tests were done correctly or that the tester did not fabricate the results."); *see also Bullcoming v. New Mexico*, 131 S.Ct. 2705, 2716 (2011) (noting that the testifying witness did not have any "independent opinion" regarding defendant's blood-alcohol concentration but constituted "surrogate testimony"). This is an important distinction—whether the expert is giving an independent judgment or is merely acting as a transmitter for the testimonial hearsay—because this Court has repeatedly held that the former does not violate the Confrontation Clause. *See Lightfoot v. State*, No. 05-12-00428, 2013 WL 3871041, at *5 (Tex. App.—Dallas 2013, pet. ref'd) ("Indeed, notwithstanding appellant's reliance on *Bullcoming,* this case is different from other recent cases where we followed *Bullcoming* because, as the trial court pointed out, Fuller did not serve as a mere conduit for another technical supervisor's conclusions. Instead, she testified regarding what she independently observed and concluded— based [sic] her own experience and after reviewing the maintenance records and logs."); *Hernandez v. State*, No. 05-11-01300-CR, 2013 WL 1282260, at *6 (Tex. App.—Dallas 2013,

pet. ref'd) (testimony of expert was not an "after-the-fact explanation" of non-testifying witness's opinion but "an explanation of his independent conclusion in the case.").

In this case, Fitzwater had personal knowledge of the facts and testified as to her own interpretations of the raw DNA data. *See Jamerson,* 383 S.W.3d at 312 ("Fitzwater again confirmed that she made her own interpretation of the raw data in determining whether Johnson's interpretation was correct."). Although Fitzwater testified extensively about details of Johnson's report, she did so on appellant's cross-examination of her. As the facts in *Jamerson* are analogous to those in *Lightfoot* and *Hernandez*, we decline to extend the reach of *Burch* to cases where the testifying witness has personal knowledge of the facts and testifies to their own opinions about the conclusions to be drawn from the facts.

## CONCLUSION

We resolve appellant's sole issue against him and affirm the trial court's judgment.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110362RF.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARCUS JAMERSON, Appellant

No. 05-11-00362-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause Nos. F10-14439-M.
Opinion delivered by Justice Evans
Justices Moseley and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 14th day of February, 2014.

/David Evans/
DAVID EVANS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARCUS JAMERSON, Appellant

No. 05-11-00363-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F10-14440-M.
Opinion delivered by Justice Evans.
Justices Moseley and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 14th day of February, 2014.

/David Evans/
DAVID EVANS
JUSTICE